```
           IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION


STOUT CAUSEY CONSULTING,       *
CHARTERED, et al.,
                               *
     Plaintiffs,
                               *
v.                                   CIVIL NO.: WDQ-05-cv-2500
                               *
ARUN KHURANA,
                               *

     Defendant.                *

*     *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Plaintiffs Stout Causey Consulting Chartered and Stout, Causey & Horning, P.A. sued Arun Khurana ("Khurana") for injunctive relief. Pending is Khurana's motion for judgment on the pleadings, or, in the alternative, for summary judgment. For the following reasons, Khurana's motion will be granted.

I.    BACKGROUND

On September 8, 2005, Plaintiffs filed a complaint seeking a temporary restraining order ("TRO"), a preliminary injunction and permanent injunctive relief to enforce the provisions of Khurana's employment contract. Compl. at 1-3. On September 14, 2005, this Court denied Plaintiffs' request for a TRO. *See* Order signed by Judge Catherine Blake. On November 22, 2005, Plaintiffs filed a motion to withdraw their request for a preliminary injunction and

1

for stay of the proceedings because a demand for arbitration had been filed. Plaintiffs stated in their motion, "[g]iven the filing of the Demand for Arbitration, as required by the Employment Agreement, the matters in controversy alleged in the complaint in this case are now submitted to arbitration." Mot. Withdraw at ¶ 7. On November 28, 2005, this Court granted Plaintiff's motion to withdraw the request for a preliminary injunction, but denied their motion to stay the proceedings.

On December 5, 2005, the American Arbitration Association acknowledged receipt of Plaintiffs' Demand for Arbitration. *See* Mot. Jud. at Ex. A. Khurana has moved to dismiss the action, because all matters alleged in Plaintiffs' complaint have been submitted to arbitration.

II. LEGAL DISCUSSION

Notwithstanding the terms of 9 U.S.C.S. § 3 (2005), dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable. *See Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-710 (4th Cir. 2001); *Energy Absorption Systems, Inc. v. Carsonite Int'l Corp.*, 377 F. Supp. 2d 501, 503 (D. S.C. 2005); *Diesselhorst v. Munsey Building, L.L.L.P.*, No. AMD 04-3302, 2005 U.S. Dist. Lexis 1947, at *20 (D. Md. Feb. 9, 2005). Plaintiffs oppose dismissal of the case because ancillary matters and issues that might arise out of the enforcement of the

2

arbitration decision could involve injunctive relief.  Opp. at 5.  However, district courts hold the discretion to dismiss a case rather than stay a proceeding pending arbitration.  *Porter Hayden Co. v. Century Indemnity Co.*, 939 F. Supp. 424, 429 (D. Md. 1996); *Koenick v. Citibank*, No. AW-05-1006, 2005 U.S. Dist. Lexis 37499, at *5 (D. Md. June 7, 2005); *Akpan v. Bank of America*, No. AW-04-1544, 2004 U.S. Dist. Lexis 28256, at *6 (D. Md. Sept. 27, 2004).

In this case, the Court finds that judicial economy counsels dismissal.  Relief is available to Plaintiffs in the arbitration proceedings.  Accordingly, in the exercise of its discretion, the Court will dismiss this case without prejudice.

## CONCLUSION

For the reasons discussed above, Khurana's motion for judgment on the pleadings will be granted.


<u>January 25, 2006</u>                          <u>        /s/         </u>
Date                                       William D. Quarles, Jr.
                                           United States District Judge

3